KENDRA L. GRAHAM, COUNTY COUNSEL
By: Stephanie Virrey Gutcher, Deputy (SBN 277833)
Bryn A. Allard, Deputy (SBN 362628)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone: (661) 868-3800
Facsimile: (661) 868-3805
Email: sgutcher@kerncounty.com
        ballard@kerncounty.com

Attorneys for County of Kern

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYCE CHRISTOPHER MOORE, an individual<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KERN; DOES 1-10, inclusive<br><br>Defendant. | Case No. 1:26-cv-00572-KES-CDB<br><br>**STIPULATED PROTECTIVE ORDER; ORDER <u>AS MODIFIED</u>**<br><br>*Action Filed: January 23, 2026* |

IT IS HEREBY STIPULATED by and between the parties through their respective counsel that the following Protective Order be entered:

**I.     Definitions:**

The following definitions shall govern the construction of this stipulation unless the context otherwise requires.

(a)     CONFIDENTIAL Information. "CONFIDENTIAL Information" means any and all Information regardless of format or medium, including personal, proprietary, and financial information, state and federal tax records, and other Information which a party has a right to protect from unrestricted disclosure. In the context of the present case, it also includes, but is not limited to: (1) any peace officer information protected by California Penal Code Section 832.7 and California Evidence Code Sections 1043 to 1047, (2) coroner/autopsy records.

(b)     Disclosing Party: "Disclosing Party" means the party who discloses

–1–

CONFIDENTIAL Information.

(c)    Information. "Information" means discovery obtained through the use of interrogatories, requests for admission, requests for production of documents and things, depositions, subpoenas or other Information obtained during discovery.

(d)    Notice. "Notice" means reasonable notice under the circumstances. The manner and amount of Notice shall be governed by the particular circumstances.

(e)    Person. "Person" means person as defined in California Evidence Code § 175.

(f)    Documents. "Documents" means all written, recorded, graphic, or electronically stored matter whatsoever, including, but not limited to, materials produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admissions, and any portion of any Court papers that quote from the foregoing and any other disclosure or discovery material that is designated by the parties as "Confidential."  The term "documents" is limited to material or information produced in the above-captioned litigation.

## II.    Scope and Intent.

(a)    Until further order of the Court or stipulation of the parties, all Information designated as "CONFIDENTIAL" by the Disclosing Party, to the extent such Information discloses CONFIDENTIAL Information, shall be subject to this stipulation.  However, nothing in this stipulation shall prevent any party from seeking a modification of this stipulation or objecting to the designation of Information as CONFIDENTIAL Information which the party believes to be otherwise improper.

(b)    The purpose and intent of this Order is to protect CONFIDENTIAL Information produced by both parties, including but not limited to peace officer personnel records and coroner/autopsy records.  Nothing in this stipulation shall be construed to change existing law or shift existing burdens. The Parties acknowledge that this Order does not confer blanket protections on all disclosures, or responses to discovery, and that the protection it affords extends only to the limited information, or items, that are entitled under the applicable legal principles to treatment as confidential.

–2–

Stipulated Protective Order                                                                1:26-cv-00572-KES-CDB

(c)    The protections conferred by this Stipulated Protective Order cover not only Confidential Information (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Information.

(d)    The parties recognize and acknowledge that some CONFIDENTIAL Information which may be sought is so sensitive that a party may refuse to disclose the Information even under the protection of this stipulation.  In such event, this stipulation shall not be deemed consent or an admission that such Information is discoverable and a party may resist disclosure until the matter has been heard by the Court.

(e)    This stipulation is the product of negotiations and, for purposes of construction and interpretation, shall not be deemed to have been drafted by one party.

(f)    This stipulation shall be submitted for the signature of the Magistrate Judge assigned to this case in an ex parte manner without need of a formally noticed motion.

**III.    Designation of CONFIDENTIAL INFORMATION.**

Any Disclosing Party may designate Information, or any portion of such Information, as CONFIDENTIAL Information by placing the word "CONFIDENTIAL" on the Information.  By designating Information as CONFIDENTIAL, the Disclosing Party warrants that the designation is made in good faith and on reasonable belief that the Information so designated is CONFIDENTIAL Information as defined above.

**IV.    Oral Deposition Testimony.**

A party may designate as CONFIDENTIAL Information, Information disclosed during oral deposition by stating so on the record or in writing within 30 days from receipt of the transcript. Where documents that have been designated as CONFIDENTIAL are entered into the record of a deposition or where CONFIDENTIAL Information is disclosed during deposition, such portion of the deposition containing CONFIDENTIAL Information shall be separately bound and marked "CONFIDENTIAL – UNDER PROTECTIVE ORDER" in a conspicuous place and shall be subject to the provisions of this stipulation.

## V.    Objection to Designation.

A party may at any time object to the designation of Information as CONFIDENTIAL and move the Court for an order declaring that such Information not be designated CONFIDENTIAL only after having exhausted the Court's mandatory informal discovery dispute procedures as set forth in the operative scheduling order (Doc. 11 at 4-5) and referenced herein: No written discovery motions shall be filed without the prior approval of Judge Baker. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, prior to making any filing, the requesting party promptly shall seek a conference with all involved parties and Judge Baker. To schedule this conference, the parties should contact the Courtroom Deputy Clerk, Cori Boren, at (661) 326-6620 or via email at CBoren@caed.uscourts.gov. At least two days before the conference, counsel shall file a joint, informal letter brief detailing each party's position. Each party's narrative shall not exceed five pages, excluding exhibits, and shall cite relevant authority in support of the party's position. At the commencement of the conference, if the parties jointly agree to Judge Baker's consideration and resolution of the discovery disputes outside the formal Local Rule 251 procedures, the Court will entertain arguments by the parties and issue a written ruling. If the parties do not jointly agree to the informal discovery dispute resolution procedures set forth herein, the requesting party may then seek relief through motion to compel. Counsel must comply with Local Rule 251 with respect to discovery disputes and certify their compliance in any discovery motion. Failure by the Designating Party to make such a motion shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation only after having exhausted the Court's mandatory informal discovery dispute procedures as referenced above, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph and has exhausted the Court's mandatory informal discovery dispute procedures as referenced above.

–4–

**VI.    Information Which Is Not Confidential.**

Notwithstanding the designation of Information as CONFIDENTIAL, such Information shall not be CONFIDENTIAL Information, nor shall disclosure be limited in accordance with this stipulation where such Information, is at the time of disclosure, in the public domain by publication otherwise.

**VII.    CONFIDENTIAL Information Obtained from Third Parties.**

If CONFIDENTIAL Information is obtained from a third party, the third party may adopt the benefits and burdens of this stipulation.  Likewise, any party may designate material or Information obtained from a third party as CONFIDENTIAL.

**VIII.    Inadvertent Disclosure.**

An inadvertent failure to designate qualified information or items as Confidential does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as Confidential after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**IX.    Documents Filed with the Court.**

If a party wishes to file documents with the Court which contain material designated CONFIDENTIAL, that party SHALL comply with Local Rules 140 and 141.

**X.    Dissemination to Third Parties.**

(a)    CONFIDENTIAL Information shall be disclosed only to the parties to this stipulation, their experts, consultants, and counsel.  Before any person receives access to CONFIDENTIAL Information, each shall execute a copy of the form attached hereto as Exhibit A, reciting that he, she or it has read a copy of this stipulation and agrees to be bound by its terms.

(b)    If any person who has obtained CONFIDENTIAL Information under the terms of this stipulation receives a subpoena commanding the production of CONFIDENTIAL Information, such person shall promptly notify the Disclosing Party of the service of the subpoena. The person receiving the subpoena shall not produce any CONFIDENTIAL Information in response to the subpoena without either the prior written consent of the Disclosing Party or order of the Court.

**XI.     Use of CONFIDENTIAL Information During Trial.**

The Parties will identify in their exchange of Pre-Trial exhibit lists any documents they intend to use which are CONFIDENTIAL. If a party intends to introduce into evidence any CONFIDENTIAL Information at trial, which the opposing party has objected to in the exchange of Pre-Trial exhibit lists, that party SHALL notify the Court in the joint pretrial conference statement of this intention and SHALL seek an order related to the introduction of this evidence at trial. The moving party SHALL comply with the Court's pretrial order regarding whether this order will be sought in limine or otherwise. If a party seeks to introduce at trial evidence which that party has designated as CONFIDENTIAL Information, other parties which desire to use said information, are not required to notify the Court of the intent to use the CONFIDENTIAL Information.

A party may also seek to use CONFIDENTIAL Information for purposes of rebuttal but are required to notify the Court prior to introducing the evidence at trial.

**XII.     Duty to Use Reasonable Care.**

All persons bound by this stipulation shall have the duty to use reasonable care and precaution to prevent violations thereof.

**XIII.     Enforcement.**

(a)     Prior to bringing any motion or application before the Court for enforcement of this stipulation, the parties shall comply with the procedures set forth in paragraph 5.

(b)     In the event anyone shall violate, attempt to violate or threaten to violate any of the terms of this stipulation, after compliance with the procedures in paragraph 5, the aggrieved party may apply to the Court to obtain compliance with this stipulation or to obtain appropriate injunctive relief.  Each party agrees that, in response to an application for injunctive relief, it will not assert the defense that the aggrieved party possesses an adequate remedy at law.

(c)     The Court may make any order against a party to this stipulation it deems appropriate to compel compliance in addition to any injunctive relief available to the parties.

(d)     If CONFIDENTIAL Information is disclosed to any person other than as allowed by this stipulation, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the aggrieved party and without prejudice

–6–

to the other rights and remedies of any party, make every effort to prevent further disclosure.  Fines and/or sanctions for inadvertent or intentional disclosure shall be decided by the Court after briefing and argument by all parties concerned.

**XIV.   Return/Destruction of Documents.**

Within 60 days after final termination of this action, including all appeals, each party shall be responsible for returning or destroying all original and/or copies of all CONFIDENTIAL Information produced during the course of this action and subject to this order, including all excerpts thereof, except that counsel may retain all memoranda, and correspondence derived from such CONFIDENTIAL Information and any such CONFIDENTIAL Information necessary for purposes of maintaining a legal file but after the end of such years, all such retained CONFIDENTIAL Information shall be returned or destroyed.

**XV.   Modification and Amendments.**

Except as to those modifications made by the Court, this stipulation may be modified or amended without leave of Court by unanimous written agreement of the parties hereto.

**XVI.   Duration of Stipulation.**

Provided the court makes this stipulation an order of the Court, this stipulation shall survive and remain in full force and effect after the termination of this lawsuit, whether by final judgment after exhaustion of all appeals or by dismissal, and the Court shall retain jurisdiction over the parties and their attorneys for the purpose of enforcing the terms of this stipulation.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully Submitted,

DATED: May 12, 2026                KENDRA L. GRAHAM, COUNTY COUNSEL

By: /s/ Stephanie Virrey Gutcher
    Stephanie Virrey Gutcher, Deputy
    Attorneys for County of Kern

///

///

Stipulated Protective Order                                1:26-cv-00572-KES-CDB

DATED: May 12, 2026                          SKAPIK LAW GROUP

                                   By:  /s/ Matthew T. Falkenstein *
                                        Matthew T. Falkenstein, Esq.
                                        Attorney for Plaintiff


        *e-signed with permission, 5/12/26

IT IS SO ORDERED.

    Dated:   **May 13, 2026**          _____
                                       UNITED STATES MAGISTRATE JUDGE

Stipulated Protective Order                              1:26-cv-00572-KES-CDB